IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LACEY LEE WHEELER, #A4019658, | CIV. NO. 19-00067 SOM-KJM |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| vs. | |
| MAUI DEP'T OF PUBLIC SAFETY, et al., | |
| Defendants. | |

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Before the court is *pro se* Plaintiff Lacey Lee Wheeler's prisoner civil rights complaint brought pursuant to 42 U.S.C. § 1983. ECF No. 1. Wheeler claims that Maui Community Correctional Center ("MCCC") adult corrections officers ("ACOs") Sergeant Jared Tahon, Harley Dela-Cruz, Clyde Tokunaga, and Travis Kamaka (collectively, "Defendants"), violated the Eighth Amendment when they allegedly used excessive force against her on or about March 15, 2017.[1]

The court has screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a) and finds that Wheeler states a colorable claim for the use of excessive force. Wheeler, however, alleges claims against Defendants named in their

---

[1] Wheeler is now incarcerated at the Women's Community Correctional Center ("WCCC"), located on Oahu.

official capacities only, and as explained below, these claims must be DISMISSED with prejudice.

Wheeler is granted leave to file an amended pleading on or before May 6, 2019, realleging her claims against Defendants Tahon, Dela-Cruz, Tokunaga, and Kamaka in their *individual* capacities. If Wheeler timely amends her complaint to name Defendants in their individual capacities, the court will direct service of the Amended Complaint on Defendants Tahon, Dela-Cruz, Tokunaga, and Kamaka, who will be required to file a response after service is perfected. If Wheeler fails to do so, this action will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a) for failure to state a colorable claim for relief.

## I. STATUTORY SCREENING

The court must perform a pre-answer screening of Wheeler's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing § 1915A(b)).

A complaint must "contain sufficient factual matter,

2

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a complaint must allege enough facts to provide both "fair notice" of the claim asserted and "the grounds upon which [that claim] rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); *see also Iqbal*, 556 U.S. at 555.

*Pro se* litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez*, 203 F.3d at 1130.

## II. **DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

3

violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, a plaintiff must allege that she suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

A.     **Wheeler's Claims**[2]

Wheeler states that she and other MCCC inmates were out of their cells in an open area on March 15, 2017, because the air conditioning unit was malfunctioning, and the cells were intolerably hot and had inadequate air circulation. She says that when Defendant Sgt. Tahon threatened to return the inmates to their cells, the inmates became upset. Wheeler says several inmates began bullying and threatening her, so she knocked on a window to get ACO Washington's attention and to seek help. Defendants ACOs Sgt. Tahon, Kamaka, Dela-Cruz, and Tokunaga immediately entered the open area and allegedly accused Wheeler of breaking the day room door; Wheeler denies this. Defendants ordered Wheeler outside and, when she complied, they allegedly forcefully grabbed her. Wheeler says that ACO Tokunaga slammed her into the sharp corner of a counter, then all Defendants

---

[2] For screening purposes, Wheeler's allegations are accepted as true and construed in the light most favorable to her. *Nordstrom v. Ryan,* 762 F.3d 903, 908 (9th Cir. 2014).

4

slammed her onto a table, banging her shins.  Wheeler claims that
Sgt. Tahon and ACO Kamaka roughly pushed her legs and arms up and
against her back into a hog-tie position, while ACO Dela-Cruz
applied pressure to her previously injured collar bone and
slammed her head repeatedly on the table.  Wheeler says she did
not resist.  At this point, Lieutenant Abac entered the area and,
Wheeler says, Defendants immediately stopped.

Wheeler says that she was unable to breathe, became
hysterical, and believes she had a concussion because she briefly
passed out.  She was taken to the medical unit where photographs
were taken, but she alleges the medical unit did not properly
assess her injuries.  Wheeler was placed in segregation,
apparently received a disciplinary charge, was classified as a
maximum custody inmate, and was transferred to WCCC on Oahu.
Wheeler seeks compensation for her injuries.

**B.        Excessive Force**

The exhibits attached to Wheeler's Complaint reveal
that she was a pretrial detainee when the incident occurred on
March 15, 2017.  *See* Compl., ECF No. 1, PageID #25 (grievance #
394434, stating that Wheeler was sentenced on December 18, 2017,
when she was reclassified as a "Close Custody" inmate).

The Due Process Clause of the Fourteenth Amendment
protects a pretrial detainee from the use of excessive force that
amounts to punishment.  *Kingsley v. Hendrickson*, 135 S. Ct. 2466,

2473 (2015) (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). Although protected by the Due Process Clause, the Fourth Amendment "sets the applicable constitutional limitations for considering claims of excessive force during pretrial detention." *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1197 (9th Cir. 2002) (internal quotation omitted), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). "[T]o prove an excessive force claim, a pretrial detainee must show . . . only that the officers' use of . . . force was objectively unreasonable," not "that the officers were subjectively aware that their use of force was unreasonable." *Kingsley*, 135 S. Ct. at 2470.

Drawing all inferences in Wheeler's favor, the court concludes that she alleges that she was not resisting and that no need existed for the use of any force. Wheeler alleges sufficient, plausible facts to state a claim against Defendants for the use of excessive force.

**B.      Eleventh Amendment Immunity**

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to

6

enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); *Ex parte Young*, 209 U.S. 123 (1908).

However, "[w]hen an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has no reasonable expectation of returning, [her injunctive] claim is moot." *Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991)). That is, an inmate's claims for prospective injunctive and declaratory relief are moot when she "no longer is subjected to [the allegedly unconstitutional] policies." *Johnson*, 948 F.2d at 519.

Wheeler explicitly names all Defendants in their official capacities only, seeks only money damages, complains about an incident that occurred at MCCC two years ago, where she is no longer incarcerated, and neither alleges an ongoing constitutional violation nor seeks prospective injunctive relief. Wheeler fails to state a claim for injunctive relief against the

7

Department of Public Safety,[3] a state agency, or against Defendants Tahon, Dela-Cruz, Tokunaga, and Kamaka in their official capacities, and her claims against them are DISMISSED with prejudice.

Wheeler can state a claim for damages against ACO Defendants Tahon, Dela-Cruz, Tokunaga, and Kamaka if they are named in their *individual* capacities for the use of excessive force, however, and the court will grant her leave to file an amended pleading to do so.

## IV. LEAVE TO AMEND

The Complaint is DISMISSED with leave granted to amend so that Wheeler can file an amended complaint naming ACO Defendants Tahon, Dela-Cruz, Tokunaga, and Kamaka in their individual capacities on or before May 6, 2019. Wheeler may not expand her claims beyond those already alleged herein or add new claims or defendants, without explaining how those new claims and parties relate to the claims alleged in the original Complaint. Claims that do not relate to the original pleading are subject to dismissal.

The amended complaint must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.3, which requires an amended complaint

---

[3] Wheeler incorrectly refers to the Hawaii Department of Public Safety ("DPS") as the "Maui" Department of Public Safety in the Complaint's caption.

to be complete in itself without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form. An amended complaint will supersede the preceding complaint. *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012). If Wheeler fails to timely file an amended complaint that cures the deficiencies in her claims, this action may be dismissed and that dismissal may count as a "strike" under 28 U.S.C. § 1915(g).[4]

## V. CONCLUSION

(1) The Complaint is DISMISSED for failure to state a colorable claim for relief against DPS and ACO Defendants as named in their official capacities, pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1).

(2) Wheeler may file an amended pleading that cures

---

[4] 28 U.S.C. § 1915 (g) states:

if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

9

the deficiencies in her claims by realleging her claims against ACO Defendants Tahon, Dela-Cruz, Tokunaga, and Kamaka as named in their individual capacities (but not DPS, which has no individual capacity), on or before May 6, 2019.

(3) The Clerk is directed to send Wheeler a blank prisoner civil rights complaint form so that she can comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 10, 2019.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Wheeler v. Maui Dep't of Public Safety*, No. 1:19-cv-00067 SOM-KJM; ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND