IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LACEY LEE WHEELER, #A4019658, | CIV. NO. 19-00067 SOM-KJM |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT IN PART AND |
| vs. | DIRECTING SERVICE |
| MAUI DEP'T OF PUBLIC SAFETY, et al., | |
| Defendants. | |

**ORDER DISMISSING FIRST AMENDED COMPLAINT IN PART AND DIRECTING SERVICE**

Before the court is *pro se* Plaintiff Lacey Lee Wheeler's first amended complaint ("FAC") brought pursuant to 42 U.S.C. § 1983. ECF No. 1. Wheeler claims that Maui Community Correctional Center ("MCCC") adult corrections officers ("ACOs") Sergeant Jared Tahon, Harley Dela-Cruz, Clyde Tokunaga, and Travis Kamaka (collectively, "Defendants") used excessive force and inappropriate language on or about March 15, 2017, and thereafter denied her due process.[1]

The court has screened the FAC pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a) and finds that Wheeler states a colorable claim for the use of excessive force against Defendants Tahon, Dela-Cruz, Tokunaga, and Kamaka, and these claim shall be served and require a response after service is perfected.

---

[1] Wheeler is now incarcerated at the Women's Community Correctional Center ("WCCC"), located on Oahu.

Wheeler's remaining claims fail to state a claim and are DISMISSED.

## I. **STATUTORY SCREENING**

The court must perform a pre-answer screening of the FAC pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). Claims that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing § 1915A(b)).

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a complaint must allege enough facts to provide both "fair notice" of the claim asserted and "the grounds upon which [that claim] rests." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); *see also Iqbal*, 556 U.S. at 555.

*Pro se* litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez*, 203 F.3d at 1130.

## II. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, a plaintiff must allege that she suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A. Wheeler's Claims[2]**

Wheeler and other MCCC inmates were out of their cells on March 15, 2017, because the air conditioning was malfunctioning.

---

[2] Wheeler's allegations are accepted as true and construed in the light most favorable to her. *Nordstrom v. Ryan,* 762 F.3d 903, 908 (9th Cir. 2014).

3

Wheeler says that Defendant Sgt. Tahon swore at the inmates and threatened to return them to their cells. This upset the inmates, and two of them began to bully Wheeler. Wheeler knocked on a window to get ACO Washington's assistance. Defendants Tahon, Kamaka, Dela-Cruz, and Tokunaga then entered the area and accused Wheeler of breaking the day room door. They ordered Wheeler outside. Although she complied, she says that they forcefully grabbed her, slammed her into the sharp corner of a counter injuring her shins, aggressively put her in a "hog tie" position, and then applied agonizing pressure that hurt her previous injuries. FAC, ECF No. 8, PageID #65. Wheeler claims that ACO Dela-Cruz slammed her head repeatedly on the table.

Wheeler says she was falsely accused of breaking the door, found guilty of misconduct, moved to maximum security housing for ten months, and charged $370.64 for replacement or repair of the door a year after the incident occurred.[3] Wheeler seeks compensatory and punitive damages and a refund of $370.64.

**B.   Excessive Force**

Wheeler was a pretrial detainee when the incident occurred. *See* Compl., ECF No. 1, PageID #25 (grievance #394434, stating Wheeler was sentenced on December 18, 2017).

---

[3] The FAC shows that Wheeler was charged $740.75 on 04/06/2017 (approximately three weeks after the incident), when she was found guilty at the hearing, but she says the fine was later split between her and her fiancee.

4

The Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from the use of excessive force that amounts to punishment. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). Despite the protection provided by the Due Process Clause, the Fourth Amendment "sets the applicable constitutional limitations for considering claims of excessive force during pretrial detention." *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1197 (9th Cir. 2002) (internal quotation omitted), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). "[T]o prove an excessive force claim, a pretrial detainee must show . . . only that the officers' use of . . . force was objectively unreasonable," not "that the officers were subjectively aware that their use of force was unreasonable." *Kingsley*, 135 S. Ct. at 2470.

To the extent Wheeler complains that Sgt. Tahon swore at her or other inmates, that claim is DISMISSED. *See Oltarzewski v. Ruggiero*, 830 F2d 136, 139 (9th Cir. 1987) (holding that threats of violence or harassment, standing alone, do not state a claim).

Wheeler alleges sufficient, plausible facts to state a claim for the use of excessive force against Defendants Jared Tahon, Harley Dela-Cruz, Clyde Tokunaga, and Travis Kamaka and this claim shall be served and requires a response. 42 U.S.C. § 1997e(g).

5

## C. Eleventh Amendment Immunity

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); *Ex parte Young*, 209 U.S. 123 (1908).

However, "[w]hen an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has no reasonable expectation of returning, [her injunctive] claim is moot." *Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991)). That is, an inmate's claims for prospective injunctive and declaratory relief are moot when she "no longer is

6

subjected to [the allegedly unconstitutional] policies."
*Johnson*, 948 F.2d at 519.

Wheeler names Defendants in their official and individual capacities. She seeks only money damages and complains about an incident that occurred at MCCC, where she is no longer incarcerated. Wheeler's claims against official capacity Defendants are DISMISSED with prejudice.

**D.   Due Process Claims**

The procedural guarantees of the Due Process Clause apply only when a constitutionally protected liberty or property interest is at stake. *See Ingraham v. Wright*, 430 U.S. 651, 672 (1977); *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003). When a protected liberty or property interest is identified, the Fourteenth Amendment's Due Process Clause entitles an inmate charged with a disciplinary violation to notice of the charges and hearing, the right to call witnesses and present evidence consistent with institutional safety goals, and a written statement of the evidence relied on and the decision. *Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974). Additionally, a conviction must be supported by "some evidence" in the record. *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454(1985).

Wheeler apparently challenges her allegedly false misconduct charges, higher custody classification,[4] disciplinary segregation for ten months, and imposition of a fine for breaking the door.

First, Wheeler has no liberty interest in being housed at a particular institution, *see Meachum v. Fano*, 427 U.S. 215, 224 (1976), in a less restrictive section of a facility, *see Grayson v. Rison*, 945 F.2d 1064, 1067 (9th Cir. 1991), or to a particular security classification, *see Moody v. Daggett*, 429 U.S. 78, 87 n.9 (1976).

Nor does she have a liberty interest in freedom from false discipline charges. *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986); *see also Shepherd v. Nueschmid*, 2019 WL 1229773, at *4-5 (E.D. Cal. Mar. 15, 2019); *Foster v. Triplett*, 2019 WL 452683, at *5 (C.D. Cal. Jan. 3, 2019), *adopted*, 2019 WL 450671 (C.D. Cal. Feb. 5, 2019); *Luster v. Amezcua*, 2017 WL 772141, at *5 (E.D. Cal. Feb. 27, 2017). "[T]he fact that a prisoner may have been innocent of disciplinary charges . . . does not raise a due process issue. The Constitution demands due process, not error-free decision-making." *Jones v. Woodward*, 2015 WL 1014257, *2 (E.D. Cal. Mar. 6, 2015) (citing *Ricker v. Leapley*, 25 F.3d

---

[4] Documents attached to Wheeler's original Complaint show that her classification status was raised to maximum after she was found guilty of "6(1)Sexual Assault; and 6(14) Tampering," and that she remained at "close" custody after her criminal conviction. ECF No. 1, PageID #24-25.

1406, 1410 (8th Cir. 1994), and *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983)).

Second, protected liberty or property interests giving rise to procedural due process based on prison regulations are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted). Wheeler alleges no facts showing that her designation as a maximum security inmate or her sixty-day segregation imposed atypical and significant hardship on her as compared to inmates in administrative segregation or protective custody, *see id.* at 486, or affected the duration of her sentence, *id.* at 487.

Third, Wheeler does not allege what procedural process she was denied. Her own exhibits and statements show that she had advance notice of the charges, a hearing, a copy of the decision and the evidence relied on, the right to appeal the decision, and regular review of her custody status. *See* ECF No. 8, PageID #58; ECF No. 1, PageID #24. Wheeler apparently received all the due process to which she was entitled.

9

The court cannot plausibly infer from Wheeler's conclusory and vague statements that Defendants violated her due process rights, and these claims are DISMISSED without prejudice.[5]

### III. CONCLUSION

(1) Wheeler's claims for excessive force against Defendants Jared Tahon, Harley Dela-Cruz, Clyde Tokunaga, and Travis Kamaka state a plausible claim for relief, shall be served, and require a response.

(2) Wheeler's claims against Defendants named in their official capacities are DISMISSED with prejudice; all other claims against individual Defendants are DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1).

### IV. SERVICE ORDER

IT IS HEREBY ORDERED:

(1) The Clerk shall send the U.S. Marshal a copy of this Order, the First Amended Complaint, and one completed summons for Defendants Sergeant Jared Tahon, Harley Dela-Cruz, Clyde Tokunaga, and Travis Kamaka. The U.S. Marshals Service shall open a file and retain these documents for use in the event that Tahon, Dela-Cruz, Tokunaga, or Kamaka decline to waive service of the summons.

---

[5] This dismissal does not prevent Wheeler from moving to amend this claim if she is able to allege sufficient facts to show a due process violation as explained above.

(2) Per agreement with the Hawaii Department of Public Safety ("DPS"), the Clerk shall provide by electronic means to DPS liaisons Shelley Harrington and Laurie Nadamoto: (a) a copy of the First Amended Complaint, ECF No. 8, a copy of this Order, and a completed Notice of Lawsuit and Request for Waiver of Service of Summons form addressed to Defendants Tahon, Dela-Cruz, Tokunaga, or Kamaka; and (b) two completed Waiver of Service of Summons forms for Tahon, Dela-Cruz, Tokunaga, and Kamaka.

(3) Defendants shall have 30 days after the request for waiver of service of summons is sent to return the waiver to the U.S. Marshal, who shall file the waiver with the court. If any Defendant fails to do so within that time, the U.S. Marshal shall NOTIFY THE COURT, who will direct the U.S. Marshal to personally serve the summons and complaint on that Defendant. A personally served Defendant will be required to pay the costs of service.

(4) Defendants Tahon, Dela-Cruz, Tokunaga, and Kamaka shall respond to Wheeler's First Amended Complaint within 60 days after electronic service if formal service is waived, or 45 days if service of the summons is not waived.

(5) Wheeler shall, within one week of any change of address, notify the court. This notice shall contain only information about the change of address and its effective date and shall not include requests for other relief. Failure to file such notice

may result in the dismissal of the action for failure to prosecute under Fed. R. Civ. P. 41(b).

(6) After Defendants have filed a response to the First Amended Complaint, Wheeler's documents are deemed served on any Defendant(s) or their attorney(s) who participate in the court's Case Management Electronic Case Filing (CM/ECF) system.  The U.S. Marshal is not responsible for serving documents after service of the operative pleading.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii; June 4, 2019.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Wheeler v. Maui Dep't of Public Safety, No. 1:19-cv-00067 SOM-KJM; scrn'g '19 Wheeler 19-87 som (sts excv forc cl, imp d's, lv amd)